**FILED**

**2:39 pm Apr 10 2019**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONYA ANDERSON,** | ) | **CASE NO. 1:18 CV 2992** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **NANCY A. BERRYHILL,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

*Pro se* Plaintiff Tonya Anderson filed this action against Nancy A. Berryhill, the

Commissioner of Social Security, on behalf of her adult daughter. In the Complaint (Doc. # 1),

Plaintiff claims is her daughter is not fully competent to handle her affairs, and seeks an award

of social security benefits for Beverly retroactive to her birth.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That

Application is granted.

## I.  BACKGROUND

Plaintiff indicates her daughter Beverly was born three months premature on March 30,

1989. She states Beverly earned a high school diploma in 2007 but received support services in

school and was exempted from the Ohio Graduation Test ("OGT"). Plaintiff alleges Beverly

attended community college for two years; however, she did not earn a degree. Plaintiff also

indicates Beverly now has a child of her own.

Plaintiff alleges she contacted an attorney to assist her in obtaining social security benefits for Beverly in 2007. She states she did not hear back from the attorney and discovered in 2017 that the "claim was closed." Plaintiff seeks an award of social security benefits for Beverly from birth.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

As an initial matter, Plaintiff cannot bring an action as a *pro se* litigant on behalf of her adult daughter. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654. The statute does not allow for an unlicensed layman to represent anyone in federal court other than herself. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002). Although Plaintiff is Beverly's mother, she is not an attorney and cannot represent her adult daughter in Court.

Furthermore, Plaintiff lacks standing to assert Beverly's claims as her own. A party must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights or interests of a third party. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). Beverly is an adult and a mother of her own child. Plaintiff claims they are all homeless and receiving county assistance. While Plaintiff may provide care to Beverly and her daughter, the fact that she may be collaterally affected by the adjudication of Beverly's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692.

Finally, even if Plaintiff could file these claims without counsel, this Court would lack subject matter jurisdiction to consider this case. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) a Plaintiff must exhaust his or her administrative remedies, and (2) the Commissioner must issue a final decision. *See Pohlmeyer v. Secretary of Health and Human Services*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)). Before the Plaintiff may obtain judicial review of a claim for benefits, he or she must exhaust the four-step administrative process in the Social Security Administration: (1) initial determination, (2) reconsideration, (3) a hearing before an administrative law judge, and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900(a)(1)-(4); 416.1400(a)(1)-(4). When he or she has completed these four steps, the agency will have made its final decision and Plaintiff may request judicial review by filing an action in a Federal District Court. *See* §§ 404.900(a)(5); 416.1400(a)(5). *See also Atkin v. Lewis*, 232 F.Supp.2d 770, 773 (N.D. Ohio 2002).

The Complaint makes clear that this Court lacks jurisdiction over Plaintiff's case. Plaintiff indicates she contacted an attorney to apply for benefits for Beverly in 2007 but did not hear from him. Sometime between 2007 and 2017 the case was closed. There is no indication that Plaintiff or Beverly then availed themselves of the four-step administrative review process

before filing this Complaint in federal court. In fact, the Complaint suggests they did not make it past the first stage of the administrative process, i.e., initial determination. In the absence of exhaustion of the administrative review process and a final decision by the Commissioner, this Court is without jurisdiction over Plaintiff's Complaint.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **GRANTED**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

  *s/Dan Aaron Polster*   4/10/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.